IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re:<br><br>Nicholas B. Arter, Sr.,<br><br>Debtor. | Case No. 24-16894-MCR<br><br>Chapter 13 |

### OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

The United States of America (the "United States"), on behalf of the Internal Revenue Service (the "IRS"), by counsel, Erek L. Barron, United States Attorney for the District of Maryland, and Jessica Dillon, Assistant United States Attorney for that District, files this *Objection to Confirmation of Chapter 13 Plan* (the "Objection").

1. On February 4, 2025, the IRS filed Proof of Amended Claim No. 2-2 (the "IRS Claim"), asserting a claim totaling $26,531.03. The IRS contends that $23,892.03 of the IRS Claim is entitled to priority (the "Priority Claim") under section 507(a)(8) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. On January 14, 2025, Nicholas B. Arter, Sr. (the "Debtor") filed the *Chapter 13 Plan*, *see* ECF No. 43 (the "Plan").

3. The Court should deny confirmation of the Plan because it does not provide for full payment of the Priority Claim. Section 1325(a)(1) of the Bankruptcy Code provides that the bankruptcy court may only confirm a plan that "complies with the provisions of this chapter and with the other applicable provisions of this title." Section 1322(a)(2) of the Bankruptcy Code, in turn, provides that a Chapter 13 plan "shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title . . . ." Here, the IRS Claim includes

the Priority Claim of $23,892.03, but the Plan only provides for a priority payment to the IRS in the amount of $21,000.  As a result, the Plan violates section 1322(a)(2) of the Bankruptcy Code, and the Plan cannot be confirmed.  *See, e.g.*, *In re Peterson*, 2012 WL 5985269, at *5 (Bankr. E.D.N.C. Nov. 29, 2012) ("As priority claims, 11 U.S.C. § 1322(a)(2) mandates that they be paid in full through the plan before the plan can be confirmed.").

WHEREFORE, the IRS requests that the Court sustain the Objection and deny confirmation of the Plan.

Dated:  February 12, 2025

                                        Respectfully submitted,

                                        Erek L. Barron
                                        United States Attorney

By:      /s/  Jessica Dillon
             Jessica F.W. Dillon (Bar No. 19249)
             Assistant United States Attorney
             36 S. Charles St., 4th Floor
             Baltimore, Maryland 21201
             (410) 209-4800
             Jessica.Dillon@usdoj.gov

*Counsel for the IRS*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2025, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing *Objection to Confirmation of Chapter 13 Plan* will be served electronically by the Court's CM/ECF system on the following:

- Timothy P. Branigan  cmecf@chapter13maryland.com
- Robert Hockenbury  robert.hockenbury@wbd-us.com
- Leonidas Koutsouftikis  lkouts@mckplaw.com
- Daniel M. Press  dpress@chung-press.com
- Dorothy Carol Sasser  dsasser@siwpc.com

I hereby further certify that on February 13, 2025, a copy of the foregoing was also mailed first class mail, postage prepaid, to:

First Home Mortgage
14841 Dallas Parkway, Suite 350
Dallas, TX 75254

Thomas P. Gorman
1414 Prince St., Ste 202
Alexandria, VA 22314

                                                   /s/ *Jessica Dillon*
                                                 Assistant United States Attorney